**Electronically Filed
Intermediate Court of Appeals
30133
20-SEP-2011
07:49 AM**

NO. 30133

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WORLD BOTANICAL GARDENS, INC., a Nevada corporation,
Plaintiff-Appellee,
v.
WALTER WAGNER, LINDA WAGNER, DAN PERKINS,
Defendants-Appellants,
and
DAVID ADAMS, JOHN DOES 1-10, JANE DOES 1-10,
and DOE ENTITIES 1-10,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 05-1-0210)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendants-Appellants Walter Wagner, Linda Wagner, and Dan Perkins (collectively, Wagners) appeal from the First Amended Final Judgment filed on September 28, 2009 in the Circuit Court of the Third Circuit[1] (circuit court). The circuit court entered judgment in favor of Plaintiff-Appellee World Botanical Gardens, Incorporated, a Nevada corporation, (WBG) and against Wagners on Counts I, II, III, IV, V, VI, VI,[2] and IX of WBG's June 30, 2005

---

[1] The Honorable Greg K. Nakamura presided.

[2] WBG's complaint contained two Count VIs: Accounting and Constructive Trust.

complaint and dismissed without prejudice Count VIII of the complaint.

On appeal, Wagners contend:

(1)  The circuit court erred when it denied Wagners' motion for a new trial.

(2)  The circuit court did not have jurisdiction because the statute of limitations had run on WBG's claims and there was no triable issue of material fact.

(3)  Partial summary judgment in favor of WBG was inappropriate because there existed a triable issue of material fact.

(4)  The circuit court did not have jurisdiction to enter its First Amended Final Judgment due to a violation of Rule 23 of the Rules of the Circuit Courts.

Wagners' Opening Brief (OB) fails to conform to Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28.  HRAP Rule 28(b)(3) provides that Wagners must provide in their OB

> [a] concise statement of the case, setting forth the nature of the case, the course and disposition of proceedings in the court or agency appealed from, and the facts material to consideration of the questions and points presented, with record references supporting each statement of fact or mention of court or agency proceedings.  In presenting those material facts, all supporting and contradictory evidence shall be presented in summary fashion, with appropriate record references.  Record references shall include page citations and the volume number, if applicable.  References to transcripts shall include the date of the transcript, the specific page or pages referred to, and the volume number, if applicable.  Lengthy quotations from the record may be reproduced in the appendix.  There shall be appended to the brief a copy of the judgment, decree, findings of fact and conclusions of law, order, opinion or decision relevant to any point on appeal, unless otherwise ordered by the court.

Wagners' concise statement of the case fails to set forth the nature of the case, describing the course and disposition of proceedings in the circuit court, or the facts material to the consideration of the points presented.  Wagners do not provide record references to every statement of fact or reference to court proceedings or transcripts as required under Rule 28(b)(3).  Moreover, Wagners did not append to their OB a copy of the

judgment, order, or findings of fact and conclusions of law relevant to their points on appeal.

Additionally, Wagners' points on appeal are nearly incomprehensible and their arguments do not contain "the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. . . . Points not argued may be deemed waived."  HRAP Rule 28(b)(7).  Wagners' OB does not conform to HRAP Rule 28 nor does it make any comprehensible arguments upon which this court could adequately rule.

Therefore,

IT IS HEREBY ORDERED that the First Amended Final Judgment filed on September 28, 2009 in the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai'i, September 20, 2011.

On the briefs:

Walter Wagner,
Linda Wagner, and
Dan Perkins,
Defendants-Appellants pro se.

Thomas L.H. Yeh
(Law Offices of Yeh & Moore)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge